| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL IV | | |
| SUPER ASPHALT PAVEMENT, CORP. Y OTROS<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO DE JUANA DÍAZ<br><br>Recurrida | TA2026RA00189 | *Revisión* procedente de la Junta de Subastas del Municipio de Juana Díaz<br><br>Subasta Núm.: 2026-2027-001<br><br>Sobre: Notificación de Adjudicación de Subasta |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de abril de 2026.

Comparece Super Asphalt Pavement Corporation (en adelante, parte recurrente) mediante un recurso de revisión judicial para solicitarnos la revisión de la *Notificaci[ó]n de la Resolución decisi[ó]n de la Junta de Subastas,* emitida y notificada el 7 de abril de 2026, por la Junta de Subastas del Municipio Autónomo de Juana Díaz (en adelante, Junta de Subastas).[1] Mediante la notificación recurrida, la Junta de Subastas adjudicó el Renglón #001 de la Subasta General número 2026-2027-001 a la compañía A & M Solutions, LLC.

Por los fundamentos que expondremos, se *desestima* el recurso ante nos.

I

Surge de los autos ante nuestra consideración que, el 11 de febrero de 2026, se publicó una notificación y aviso de Subasta General con el número 2026-2027-001 el cual incluía el Renglón

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), a la Entrada Núm. 1, Apéndice 2.

#001- Adquisición de Asfalto Bituminoso.[2] Para este renglón comparecieron siete (7) compañías con sus respectivas ofertas, entre ellas, la parte recurrente del título.[3]

Así las cosas, el 24 de marzo de 2026, la Junta de Subastas celebró una reunión en la cual evaluó las propuestas y decidió adjudicar el renglón mencionado a la compañía A & M Solutions, LLC. A tenor, el 7 de abril de 2026, la referida junta emitió la *Notificaci[ó]n de la Resolución decisi[ó]n de la Junta de Subastas* que nos ocupa,[4] mediante la cual indicó que se tomaron en consideración los criterios siguientes para adjudicar la Renglón #001:

1. Los precios licitados más bajos y están dentro de la razonabilidad del mercado.

2. Este es un servicio que se utiliza con frecuencia, por lo que resulta beneficioso establecer un contrato de servicios que mantenga los precios durante todo el año fiscal.

3. Cumplió con los requisitos de la subasta.[5]

En desacuerdo, el 16 de abril de 2026, compareció ante nos la parte recurrente mediante un recurso de revisión judicial en la cual esgrimió el siguiente señalamiento de error:

> ERRÓ LA JUNTA DE SUBASTAS AL EMITIR UNA NOTIFICACIÓN DE ADJUDICACIÓN CLARAMENTE DEFECTUOSA Y, POR CONSIGUIENTE, NULA.

En la misma fecha, la parte recurrente también interpuso una *Urgente Moción en auxilio de jurisdicción.*

Conforme a la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, este Tribunal tiene la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho". [6] En

---

[2] SUMAC TA, a la Entrada Núm. 1, Apéndice 2.
[3] *Íd.,* a las págs. 1-2.
[4] *Íd.,* Apéndice 2.
[5] *Íd.,* a la pág. 2.
[6] *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso.

II

### A. La Notificación Adecuada

La Sección 7 del Artículo II de la Constitución de Puerto Rico,[7] al igual que las Enmiendas V y XIV de la Constitución de los Estados Unidos,[8] garantizan que ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley. Esta garantía procesal funciona de dos (2) vertientes, la sustantiva y la procesal. En lo referente a esta última, se ha entendido que "el debido proceso de ley procesal le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo".[9] Para garantizar las exigencias mínimas del debido proceso de ley todo procedimiento adversativo debe satisfacer lo siguiente: (i) *notificación adecuada del proceso*; (ii) proceso ante un juez imparcial; (iii) oportunidad de ser oído; (iv) derecho a contrainterrogar testigos y examinar la evidencia presentada en su contra; (v) asistencia de abogado, y (vi) que la decisión se base en la evidencia presentada y admitida en el juicio.[10] A esos efectos, la característica medular de la garantía del debido proceso de ley es que el procedimiento seguido sea uno justo.[11]

La notificación adecuada es aquella que se dirige específicamente a la parte o a su representación legal.[12] Sobre este particular, nuestra jurisprudencia ha establecido que la incorrecta notificación atenta contra los derechos de las partes, al privarles de cuestionar el dictamen emitido y causarles demoras e impedimentos

---

[7] CONST. PR, Art. II, Sec. 7.

[8] CONST. EE. UU., Emda. V y XIV.

[9] *Rivera Rodríguez & Co. v. Lee Stowell, etc.,* 133 DPR 881, 887 (1993); *López Vives v. Policía de P.R.,* 118 DPR 219 (1987).

[10] *Hernández v. Secretario*, 164 DPR 390 (2005); *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, supra, a la pág. 889. (Énfasis nuestro).

[11] *Rivera Santiago v. Srio. de Hacienda*,119 DPR 265, 274 (1987).

[12] *R & G Mortgage v. Arroyo Torres y otros*, 180 DPR 511, 525 (2010).

en el proceso.[13] Por ello, al no notificarse adecuadamente alguna resolución, orden o sentencia, estas no surten efecto y los términos no comienzan a transcurrir.[14]

### B. La Falta de jurisdicción por falta de madurez

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[15] Los tribunales adquieren jurisdicción por virtud de ley, por lo cual no pueden arrogársela, ni las partes pueden otorgársela.[16] Es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[17] Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada.[18] De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[19] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[20] De lo contrario, cualquier dictamen en los méritos será nulo y no podrá ejecutarse.[21] Es decir, una sentencia dictada sin jurisdicción por un tribunal es una sentencia nula en derecho y, por tanto, inexistente.[22]

Como corolario de lo anterior, el Tribunal Supremo de Puerto Rico ha desarrollado el principio de la justiciabilidad, el cual recoge una serie de doctrinas de autolimitación basadas en

---

[13] *Berríos Fernández v. Vázquez Botet*, 196 DPR 245, 250-251 (2016).
[14] *Bco. Popular v. Andino Solís,* 192 DPR 172, 183 (2015).
[15] *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685, 698 (2024); AAA v. UIA, 199 DPR 638, 651-652 (2018).
[16] *Ríos Martínez, Com. Alt. PNP v. CLE*, 196 DPR 289, 296 (2016).
[17] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).
[18] *R&B Power, Inc. v. Junta de Subasta ASG,* supra, a la pág. 698.
[19] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018).
[20] *R&B Power, Inc. v. Junta de Subasta ASG,* supra, a la pág. 698.
[21] *Bco. Santander v. Correa García*, 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007).
[22] *Montañez v. Policía de P.R.*, 150 DPR 917, 921-922 (2000).

consideraciones jurisprudenciales que prohíben al foro judicial emitir opiniones consultivas.[23] Además, el aludido principio persigue evitar emitir decisiones en casos en los cuales realmente no existe una controversia, o dictar una sentencia que no tendrá efectos prácticos sobre un asunto.[24] En ese contexto, un caso no es justiciable cuando: (i) se trata de resolver una cuestión política; (ii) una de las partes carece de legitimación activa para promover un pleito; (iii) después de comenzado el litigio hechos posteriores lo tornan en académico; (iv) las partes pretenden obtener una opinión consultiva, y (v) *cuando se pretende promover un pleito que no está maduro.*[25]

En nuestra función revisora, un recurso judicial es prematuro cuando el asunto del cual se trata no está listo para adjudicación; esto es, cuando la controversia no está debidamente delineada, definida y concreta.[26] Como ha pronunciado reiteradamente el Tribunal Supremo, un recurso prematuro adolece del insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre.[27] Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[28]

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[29] confiere facultad a este Tribunal para a iniciativa propia, o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción.

---

[23] El principio de justiciabilidad fue incorporado jurisprudencialmente a nuestro ordenamiento jurídico mediante el caso *ELA v. Aguayo*, 80 DPR 552, 595 (1958); Véase, además, R. Elfrén Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed., San Juan, Ed. Pubs. JTS, 1987, pág. 147.

[24] *Moreno v. Pres. U.P.R. I*, 178 DPR 969, 973 (2010).

[25] *Crespo v. Cintrón*, 159 DPR 290, 298 (2003).

[26] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366-367 (2001).

[27] *Juliá et al. v. Epifanio Vidal, S.E.*, supra, a la pág. 365.

[28] *Torres Alvarado v. Madera Atiles,* supra, a la pág. 501; *Juliá et al. v. Epifanio Vidal, S.E.,* supra, a la pág. 366.

[29] *In re Aprob. Enmdas. Reglamento TA*, supra, a la pág. 110.

III

En el recurso ante nuestra consideración, la parte recurrente esgrime que la Junta de Subastas cometió el error de notificar de forma defectuosa una adjudicación de subasta, por lo que razonan que la misma es nula. Sabido es que, como cuestión de umbral, este Tribunal como paso previo a entender en un recurso presentado, debe auscultar su propia jurisdicción.

Particularmente, la parte recurrente expresa, en su recurso, que la notificación es defectuosa pues no incluye un resumen de las propuestas sometidas por los licitadores participantes ni se especifican los fundamentos de la Junta de Subastas para emitir su decisión y rechazar las ofertas presentadas por el resto de los licitadores. Estamos de acuerdo.

Los procesos de contratación de servicios por el gobierno central y por los municipios están revestidos del más alto interés público.[30] Por ello, para la adquisición de servicios, ambos entes gubernamentales favorecen los vehículos procesales de la subasta tradicional y el requerimiento de propuesta —*request for proposal*.[31] Los antedichos procesos se utilizan primordialmente para proteger el erario del estado, "mediante el acceso a la construcción de obras públicas y la adquisición de servicios de calidad para el Gobierno al mejor precio posible".[32] Además, con ellos, se pretende evitar el dispendio, el favoritismo, la corrupción y el descuido al otorgar contratos, así como minimizar los riesgos de incumplimiento.

A pesar de que en Puerto Rico no existe legislación que regule los procedimientos de subasta, la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG) rige

---

[30] *Super Asphalt v. AFI y otro*, 206 DPR 803, 820 (2021); *Caribbean Communications v. Pol. de P.R.*, 176 DPR 978, 994 (2009).

[31] *Super Asphalt v. AFI y otro*, supra, 820-821; *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525, 531 (2019).

[32] Ley Núm. 38- 2017, 3 LPRA sec. 960 *et seq*; *Super Asphalt v. AFI y otro*, supra, a la pág. 821; *Caribbean Communications v. Pol. de P.R.*, supra, a la pág. 994.

las etapas de reconsideración y revisión de judicial.[33] Ahora bien, dado a que los municipios están expresamente excluidos de la definición de agencia, no les aplican las disposiciones de la aludida ley.[34] A tales efectos, los procedimientos de subasta están regulados por el Código Municipal de Puerto Rico (Código Municipal).[35] El referido código derogó la Ley de Municipios Autónomos de Puerto Rico[36], y se aprobó con el fin de integrar, organizar y actualizar las leyes que disponen sobre la organización, administración y funcionamiento de los municipios.[37]

Respecto a la notificación de la adjudicación o determinación final de la Junta de Subasta, el Código Municipal dispone que "la Junta de Subasta notificará a los licitadores no agraciados las razones por las cuales no se le adjudicó la subasta".[38]

Por su parte, el Reglamento para la Administración Municipal de 2016, el cual se promulgó con el propósito de "establecer normas y guías administrativas dirigidas a promover la eficiencia, la uniformidad y e1 buen gobierno municipal",[39] establece sobre este particular que:

> La notificación de adjudicación o la determinación final de la Junta, que se enviará a todos los licitadores que participaron en la subasta, debe contener la siguiente información:
>
> a) nombre de los licitadores;
>
> b) síntesis de las propuestas sometidas;
>
> c) factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos;
>
> d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, y el término para ello, que es dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la notificación de adjudicación;

---

[33] *Super Asphalt v. AFI y otro*, supra, a la pág. 821; *PR Eco Park et al. v. Mun. de Yauco*, supra, a la pág. 533; *Caribbean Communications v. Pol. de P.R.,* supra, a la pág. 993.

[34] *PR Eco Park et al. v. Mun. de Yauco*, supra, 533.

[35] Ley Núm. 107 de 13 de agosto de 2020, 21 LPRA sec. 7011 *et seq.*

[36] Ley Núm. 81 de 30 de agosto de 1991, 21 LPRA sec. 4001 nota *et seq.* (derogada).

[37] Artículo 1.002 de la Ley Núm. 107, *supra*, 21 LPRA sec. 7002.

[38] *Íd.*, Artículo 2.040 (a), 21 LPRA sec. 7216.

[39] Capítulo I, Sección 3 (del Reglamento para la Administración Municipal de 2016, Reglamento 8873 del 19 de diciembre de 2016.

e) fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a transcurrir el término para impugnar la subasta ante el Tribunal de Apelaciones.[40]

Tras un análisis del expediente ante nuestra consideración, forzoso es concluir que la notificación mediante la cual se adjudicó la Subasta de referencia adolece de defectos que impiden nuestra revisión en estos momentos. Esto pues, es la misma, como bien indicó la parte recurrente, no contiene un resumen de las propuestas sometidas ni los fundamentos de la Junta de Subastas para emitir su decisión y rechazar las ofertas presentadas por el resto de los licitadores. Únicamente, expresa, a manera general, los criterios utilizados para la adjudicación. Lo anterior, inevitablemente provoca que el recurso incoado sea uno prematuro. Es norma harta conocida que cuando la notificación no es adecuada, esta no surte efecto y los términos no comienzan a transcurrir.[41]

Es por todo lo anterior que procede desestimar el recurso ante nos y, en consecuencia, declarar *No Ha Lugar* la solicitud sobre paralización de los procedimientos. Ahora bien, lo anterior en nada limita que una vez la Junta de Subastas notifique su adjudicación conforme mandata nuestro ordenamiento jurídico, la parte que así lo estime pueda presentar la acción que proceda.

IV

Por los fundamentos que anteceden, se *desestima* el recurso por falta de jurisdicción y, en consecuencia, se declara *No Ha Lugar* la solicitud de paralización de los procedimientos.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[40] Capítulo VIII, Parte II, Sección 13 (3) del Reglamento 8873, *supra.*
[41] *Bco. Popular v. Andino Solís,* supra, a la pág. 183.